UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTINA SAR RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:23-cv-01050-DRL-MGG |
| ) | |
| REV RECREATION GROUP, INC. d/b/a ) | |
| Midwest Automotive Designs, LLC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant, by counsel, respectfully moves this Court for an order enforcing the settlement agreement between the parties. In support of this Motion, Defendant states as follows:

## FACTUAL BACKGROUND

1. In the course of this litigation, the parties engaged in settlement discussions which resulted in the resolution identified in the "Report of Mediator – Settlement" filed by Robert J. Dignam on December 20, 2024. (Doc. 26).

2. The undersigned emailed a draft settlement agreement to Plaintiff's counsel Myra Reid on December 23, 2024. (Declaration of Christina M. Mallatt ("Mallatt Dec."), ¶ 3, Ex. A and Ex. B).

3. The undersigned sent a follow-up email to Ms. Reid on January 16, 2025 inquiring into the status of obtaining Plaintiff's signature on the settlement agreement. (Mallatt Dec., ¶ 4, Ex. C).

4. Ms. Reid responded to the undersigned's email on January 27, 2025 with a "revised draft approved by Ms. Sar." (Mallatt Dec., ¶ 5, Ex. D and Ex. E).

5. During the course of January 28, 2025, Ms. Reid and the undersigned exchanged emails discussing the reasoning behind the change Plaintiff had requested (i.e., removing the term "employees" from the release language in paragraph 2 of the settlement agreement). Ms. Reid advised that Plaintiff did not feel comfortable signing the agreement without a particular employee – Ms. Perez – excluded from the definition of "releasees." Ms. Reid further advised as follows: "If your client would prefer specifically excluding Ms. Perez or "non-managerial employees" (assuming Ms. Perez was and is not a manager), my client would execute the agreement." (Mallatt Dec., ¶ 6, Ex. F).

6. On January 29, 2025, the undersigned emailed Ms. Reid an updated agreement incorporating the change requested by Plaintiff. (Mallatt Dec., ¶ 7, Ex. G and Ex. H).

7. The dismissal papers were originally due to be filed on February 3, 2025. The parties filed a Joint Motion for Extension of Time to File Stipulation of Dismissal With Prejudice on January 30, 2025. (Doc. 28).

8. On February 11, 2025, the undersigned received an email from Plaintiff stating, "I am writing to clarify that I have not signed or agreed to any settlement agreement in this case. The mediator's notice does not reflect my position, and I will be notifying the Court accordingly." (Mallatt Dec., ¶ 9, Ex. I).

9. The undersigned spoke with Ms. Reid via telephone shortly after receiving Plaintiff's February 11, 2025 email, at which time Ms. Reid advised she intended to file a motion to withdraw as Plaintiff's counsel. (Mallatt Dec., ¶ 10).

10. Plaintiff subsequently filed a "Motion to Notify the Court of no Executed Settlement Agreement and Request to Maintain Case on Docket," apparently without Ms. Reid's

involvement. The motion was file-stamped February 13, 2025, but was not served via the Court's electronic filing system until February 18, 2025. (Doc. 30; Mallatt Dec., ¶ 11, Ex. J).

11. To date, Plaintiff has not signed the settlement agreement. (Mallatt Dec., ¶ 12).

## LEGAL ANALYSIS

12. District courts are "given the power to implement a settlement agreement between the parties" as it "inheres in the district court's role as supervisor of the litigation." *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996). Indiana law governs the enforceability of a settlement agreement. *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007) (agreement to settle federal claim enforceable under state law like any other contract); *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002) (holding that state law governs whether to enforce a settlement in a federal lawsuit).

13. "Indiana strongly favors settlement agreements." *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003) (emphasis added). "[I]t is established law that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Id.*

14. Under Indiana law, the basic requirements of a contract include offer, acceptance, consideration, and meeting of the minds of the contracting parties. *Sands v. Helen HCI, LLC*, 945 N.E.2d 176, 180 (Ind. Ct. App. 2011). "In determining whether a contract is enforceable, there must be an 'intent to be bound and definiteness of terms.'" *Sapp Family, LLC v. AMCO Ins. Co.*, Case No. 1:14-cv-01200-RLY-DML, 2015 WL 4133959, *1 (S.D. Ind. July 8, 2015) (quoting *Wolvos v. Meyer*, 668 N.E.2d 671, 675 (Ind. 1996)). Only essential terms need to be included in the agreed upon contract in order to render it enforceable. *Sands*, 945 N.E.2d at 180.

15. It is also well-settled that a party's refusal to sign a document memorializing an agreed upon settlement, however, does not invalidate the agreement. *See Neuroptics, Inc. v. Brightlamp, Inc.,* Case No. 1:19-cv-04832-JMS-MG, 2021 WL 4223208, *7 (S.D. Ind. Sept. 16, 2021) (enforcing settlement agreement contained in parties' e-mails); *Hampton v. ITT Communs. Sys. Div.*, Case No. 1:10 CV 291, 2012 WL 2064510, **7-8 (N.D. Ind. June 7, 2012) (settlement enforced despite plaintiff's refusal to sign document memorializing the agreement); *Pohl v. United Airlines, Inc.*, 110 F. Supp. 2d 829, 840 (S.D. Ind. 1999) (same).

16. Under Title VII, in addition to complying with Indiana contract law, any settlement agreement must be "knowing and voluntary" under federal law. *See Dillard*, 483 F.3d at 507.

17. Whether a settlement of an employment discrimination claim was entered into "knowingly and voluntarily" is determined by the "totality of the circumstances." *Id.*

18. However, a settlement agreement is presumptively knowing and voluntary where the plaintiff was represented by chosen counsel throughout negotiations and settlement, absent circumstances such as fraud or duress." *Baptist v. City of Kankakee*, 481 F.3d 485, 490 (7th Cir. 2007). A plaintiff cannot overcome this presumption by claiming attorney misconduct. *Id.* "If an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping [a] suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of the plaintiff's lawyer upon the defendant." *Id.* (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962)).

19. Clearly, the settlement agreement at issue in this action satisfies the requirements of an enforceable contract under Indiana law: offer, acceptance, consideration, and meeting of the minds of the contracting parties. The essential terms of the contract were clearly set forth in the

agreement and in the January 28, 2025 email exchange between the parties to finalize the last outstanding (and minor) detail. Indeed, Ms. Reid explicitly stated: "If your client would prefer specifically excluding Ms. Perez or "non-managerial employees" (assuming Ms. Perez was and is not a manager), my client would execute the agreement." (Mallatt Dec., ¶ 6, Ex. F). There is no ambiguity of the terms.

20. Plaintiff's intent to be bound by this agreement was clearly manifested by her attorney, Ms. Reid, who stated Plaintiff would accept the agreement. (Mallatt Dec., ¶ 6, Ex. F).

21. Despite Plaintiff's attempt to back out of the agreement, a change of heart is not a basis for getting out of an enforceable settlement agreement and Defendant is entitled to enforce the bargain struck by the parties. *See Newsom v. Allen County Sheriff,* Case No. 1:16-CV-434, 2020 WL 1184784, *2 (N.D. Ind. Mar. 12, 2020) (enforcing settlement agreement, noting "a party who has previously authorized a settlement remains bound by its terms even if he changes his mind"); *Taylor v. Gordon Flesch Co., Inc.*, 793 F.2d 858, 863 (7th Cir. 1986) ("[A] party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement is insufficient."); *Sands*, 945 N.E.2d 176 ("[I]f a party agrees to settle a pending action, but then refuses to consummate the settlement agreement, the opposing party may obtain a judgment enforcing the agreement.")

22. Indiana strongly favors the enforcement of settlement agreements. The parties here entered into an enforceable settlement agreement, and Defendant is entitled to enforce the parties' agreement.

WHEREFORE, Defendant respectfully requests that the Court enforce the settlement agreement between the parties, and all proper relief.

Respectfully submitted,

*s/ Christina M. Mallatt*
Christina M. Mallatt, Atty. No. 32457-49
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204
Telephone: 317.916.1300
Facsimile: 317.916.9076
*christina.mallatt@ogletree.com*

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 21, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

Myra R. Reid
ANDERSON, AGOSTINO & KELLER
131 S. Taylor Street
South Bend, IN. 46601
reid@aaklaw.com

                                              *s/ Christina M. Mallatt*
                                              Christina M. Mallatt